**Buddy NICHOLS, Petitioner–Appellee Cross–Appellant,**

**v.**

**Mac Sim BUTLER, Sheriff; Don Siegelman, Attorney General of the State of Alabama, Respondents–Appellants Cross–Appellees.**

**No. 90–7101.**

United States Court of Appeals, Eleventh Circuit.

Nov. 20, 1990.

Robert E. Lusk, Jr., Asst. Atty. Gen., Montgomery, Ala., for respondents-appellants cross-appellees.

Dennis N. Balske, Montgomery, Ala., for petitioner-appellee cross-appellant.

Before FAY and JOHNSON, Circuit Judges, and ALLGOOD*, Senior District Judge.

ALLGOOD, Senior District Judge:

This is an appeal from the district court's granting of habeas corpus relief pursuant to 28 U.S.C. § 2254. The respondents appealed from the lower court's order directing the release of the petitioner unless retried within ninety days, and the petitioner cross-appealed from certain other aspects of the order. We conclude that the court's order granting the writ is due to be affirmed.

## I. Background

On October 22, 1986, the petitioner was convicted of robbery in the first degree following a jury trial in the Circuit Court of Montgomery County, Alabama. Because of his three prior felony convictions, he was sentenced under Alabama's Habitual Felony Offender Act to a term of life imprisonment without the possibility of parole. With the assistance of new counsel, petitioner filed a motion for new trial, contending among other things that his trial counsel deprived him of his right to testify and that the in-court identification of him by the robbery victim was the product of unduly suggestive pretrial identification procedures. The motion for new trial also asserted that trial counsel's assistance was constitutionally ineffective because he prevented petitioner from testifying at trial and because he failed to call an expert witness in the field of eyewitness identifications. After an evidentiary hearing, the state trial court denied the motion for new trial on January 9, 1987. The Alabama Court of Criminal Appeals affirmed the conviction and sentence without opinion on February 18, 1988, 524 So.2d 392, and denied an application for rehearing on March 3, 1988. The habeas petition now before the court was filed in the district court on that same day.

On June 28, 1989, United States Magistrate Charles S. Coody conducted an evidentiary hearing on the petition pursuant to the authority of 28 U.S.C. § 636(b)(1)(B). Thereafter, the magistrate filed his report to the district court, recommending that the petition for habeas corpus relief be granted on the basis that petitioner had been denied his right to testify. The district court then conducted a *de novo* review of the magistrate's findings, concluding also that the petitioner was entitled to habeas relief because "defendant's counsel effectively violated defendant's right to testify." The district court went on to consider two other issues raised by the habeas petition relating to the in-court identification of the petitioner by the robbery victim and to the alleged ineffective assistance of trial counsel due to his failure to call an expert witness. The district court found that habeas relief was not justified on either of these grounds.

The respondents appeal from the district court's order that habeas relief be granted because petitioner was denied his right to testify. Conversely, the petitioner has cross-appealed from the district court's finding that the in-court identification of him by the robbery victim was not so tainted by unduly suggestive pretrial identification procedures that it violated due process.

---

* Honorable Clarence W. Allgood, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

## II. Discussion

On the basis of state trial court records and the record of the evidentiary hearing conducted by the magistrate, the district court made findings of fact relating to all of these issues. Having reviewed the record, this court cannot say that any of those findings of fact are clearly erroneous and, therefore, they are binding on this court. *See Anderson v. Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir.1988). The legal conclusions reached by the district court, of course, are subject to plenary review on appeal. *See Gates v. Zant*, 863 F.2d 1492 (11th Cir. 1989).

The district court found that prior to petitioner's two-day trial he and his attorney discussed whether petitioner should testify. Counsel's strong advice to him was that he not testify because that would allow the prosecution to inform the jury of his three prior felony convictions and his drug-abuse problems. Initially, petitioner concurred with this advice. Following the first day of his trial, however, he changed his mind and told his attorney that he wanted to testify in his own defense. A heated argument ensued because of counsel's strong belief that petitioner would hurt his case more than he would help it by testifying. Counsel told petitioner that the case was going well and that his testimony was not necessary. Nevertheless, the petitioner insisted. Counsel then told petitioner that, if he insisted upon testifying, counsel would seek to withdraw and he could proceed *pro se* or seek appointment of another attorney. Petitioner then relented, feeling that he would be harmed more by the withdrawal of his attorney in mid-trial. The next day several defense witnesses were offered and the defense rested without petitioner taking the stand. When counsel announced that the defense rested, petitioner said nothing and did not otherwise indicate to the court that he wanted to testify.

The district court also found that the reasons counsel insisted that petitioner not testify did not include any concern that petitioner intended to commit perjury. Rather, counsel felt as a strategic and tactical matter that the trial had proceeded in a favorable way and that petitioner's testimony would merely reveal to the jury his criminal history and drug use. Counsel never sought to withdraw, and he testified that his opposition to the petitioner testifying was not based on any concern that he might perjure himself.

In *Rock v. Arkansas*, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987), the Supreme Court described the right of a criminal defendant to testify at his own trial as being fundamental and personal to the defendant. The Court described several sources in the Constitution from which the right to testify springs. It stated:

> Even more fundamental to a personal defense than the right of self-representation, which was found to be "necessarily implied by the structure of the [Sixth] Amendment," ..., is an accused's right to present his own version of the events in his own words. A defendant's opportunity to conduct his own defense by calling witnesses is incomplete if he may not present himself as a witness.

*Rock v. Arkansas*, 483 U.S. 44, 52, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987).

In two recent cases, this court has had the opportunity to apply the teachings of *Rock v. Arkansas*. In *United States v. Teague*, 908 F.2d 752, 761 (11th Cir.1990), we held:

> We hold only that when, despite any efforts by defense counsel to convince the defendant that the best strategy is to remain silent, the defendant does not personally waive the right to testify and defense counsel fails to allow the defendant to take the stand, defendant's right to testify has been violated.

Similarly, in *United States v. Scott*, 909 F.2d 488 (11th Cir.1990), we concluded that a trial court erred when it forced a defendant to choose between testifying or being represented by counsel where there was no confirmation that the defendant intended to commit perjury. Both of these cases rested upon the conclusion that a defendant's right to testify at trial is a fundamental constitutional right personal to the defen-

dant. It is a right that cannot be forfeited by counsel, but only by a knowing, voluntary, and intelligent waiver by the defendant himself.[1]

The result in this case is dictated by the holdings in *Teague* and *Scott*. If anything, this case presents a clearer example of a violation of the defendant's right to testify than that presented in *Teague*. There, the defendant indicated to his attorney that he wanted to testify, but the attorney rested without calling him. Here, defense counsel actively and forcefully prevented petitioner from testifying, despite his clearly expressed desire to do so, by threatening to withdraw from representation if he persisted in his wish to testify. There can be no question, therefore, that this conduct placed the defendant in the same position as that faced in *Scott*, either testify and have counsel withdraw or surrender the right to testify in return for the assistance of counsel. That is a constitutionally unacceptable choice.

■ The violation of the defendant's right to testify in this case cannot be said to be harmless beyond a reasonable doubt under *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The only evidence linking petitioner to the armed robbery was the eyewitness identification of him by the robbery victim. To counter that identification, the defense of-

fered the testimony of Donald Hannah, who testified that it was he and another man, and not the petitioner, who were involved in the robbery. The testimony of the petitioner may have bolstered this testimony by offering evidence of an alibi. Whether the alibi evidence would have been believed by the jury is not for this court to decide. Because of the possibility that the testimony could be believed by a jury, we cannot say that the denial of petitioner's right to testify was harmless beyond a reasonable doubt. *See United States v. Walker*, 772 F.2d 1172 (11th Cir. 1985).

Concluding that petitioner's right to testify was violated by his attorney's threat to withdraw and that this violation was not harmless, the district court's order granting the writ of habeas corpus is due to be affirmed.[2]

■ Because we affirm the district court's order granting a writ of habeas corpus unless the petitioner is retried, it is unnecessary for us to address petitioner's other issues. Whether the in-court identification violated his right to due process or whether his counsel's assistance was constitutionally ineffective because he did not call an expert witness for the defense are both moot now that petitioner's conviction is due to be vacated. To express an opinion on these issues would amount to an

---

**1.** As we noted in *United States v. Teague*, not every case in which the defendant does not testify raises a question about a violation of the right. Each case must be assessed on the basis of its individual facts to determine whether, indeed, the defendant has made a knowing, voluntary, and intelligent waiver. This is not to say that the trial court must undertake an inquiry in each case in which the defendant does not testify to make this assessment. That inquiry is necessary only when the issue is specifically raised for consideration by the court.

**2.** The court recognizes that the district court also held that defense counsel's conduct amounted to ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). It is unnecessary to address this issue, however, because, as we made clear in *United States v. Teague*, such conduct by defense counsel amounts to a violation of the right to testify regardless of whether it also amounts to ineffec-

tiveness of counsel. While it would seem that such conduct ordinarily would amount to a violation of both rights, it is necessary only that petitioner's right to testify be violated for him to be entitled to habeas relief.

We also share the district court's concern that this situation is vulnerable to collusion between a defendant and counsel seeking to void a conviction. Nevertheless, here the district court found that no collusion existed. Also, we are very hesitant to assume that officers of the court will engage in active fraud upon the court, if not obstruction of justice, by falsely claiming that they, as defense counsel, prevented their clients from testifying. In any event, if the trial court is convinced that such collusion has occurred, it may well conclude that the collusive scheme not to testify proves that the defendant *did* knowingly and voluntarily surrender his right to testify as part of the scheme. We need not decide that here, as the district court found *no* collusion in this case and that finding is not clearly erroneous.

advisory opinion because it is unclear whether the petitioner will be retried and, if so, whether either of these issues will arise at that time. We believe, the district court's order expressing an opinion on these issues is due to be vacated.

In summary, we AFFIRM the district court's order to the extent that it grants habeas relief to the petitioner requiring his release or retrial within a time certain, but we VACATE those portions of the order discussing the constitutionality of the in-court identification and defense counsel's failure to call an expert witness.